UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT BURROUGHS,                                              6:13-cv-141-TC

                     Plaintiff,

                                                          ORDER

      v.

DORA ABRAHAMSON and UNITED
STATES OF AMERICA,

                     Defendants.

COFFIN, Magistrate Judge:

      Plaintiff Vincent Burroughs, brings this action alleging negligence against the United States under the Federal Tort Claims Acts (FTCA) and against former IRS revenue agent Dora Abrahamson pursuant to <u>Bivens v Six Unknown Agents</u>. Pursuant to the stipulation of the parties, the court dismissed the <u>Bivens</u> action against pro se defendant Abrahamson on May 31, 2013.

      Plaintiff alleges that defendant Abrahamson used her power and authority as an IRS agent while she was assigned to audit plaintiff's 2008 income tax year to coerce, harass and intimidate

Page 1 - ORDER

plaintiff into a sexual encounter. Abrahamson conducted the audit over a period of about nine days in August of 2011 before she announced to her supervisor that she had a conflict, and was replaced by another agent.

Plaintiff alleges the United states had a duty to adequately oversee Abrahamson in the performance of her duties as an IRS agent and had the right to control the physical details of her interactions with taxpayers. Plaintiff alleges the United States was negligent, through Abrahamson, under the doctrine of *respondeat superior*, in:

> (a) ... failing to comply with IRS regulations regarding contact with taxpayers[;]
>
> (b) ... utilizing the authority of the United States Government to pursue a sexual relationship[;]
>
> (c) ... permitting her carnal desires to overcome her judgment that it was inappropriate to pursue a sexual relationship with a taxpayer she was auditing[;]
>
> (d) ... failing to seek and follow through on getting help for her psychological problems[; and]
>
> (e) ... violating the Privacy Act by improperly utilizing and disclosing privileged information about Plaintiff.

Complaint (#1) at p. 6.

Plaintiff alleges that the United States was also negligent in:

> (a) ... failing to adequately oversee Defendant Abrahamson in the performance of her duties as an IRS agent[;]
>
> (b) ... failing to adequately explain or enforce rules or regulations of the Internal Revenue Service and the Privacy Act relating to communications regarding and contact with Plaintiff[;]
>
> (c) ... permitting, or in failing to prevent Defendant Abrahamson from meeting alone with Plaintiff in his home[;]
>
> (d) ... failing to sufficiently train Defendant Abrahamson on how to avoid situations

Page 2 - ORDER

which could lead to the appearance or actuality of sexual conduct with taxpayers being audited or investigated[; and]

(e) In failing to detect that Defendant Abrahamson was sexually harassing and abusing Plaintiff.

Id. at pp. 6-7.

The United States moves to dismiss for lack of subject matter jurisdiction. Specifically, the government argues that it is not liable under the FTCA because Abrahamson acted outside the course and scope of her employment with the IRS, that a claim arising out of the assessment or collection of taxes is barred under the FTCA, that the FTCA bars claims for intentional torts, and/or that the FTCA bars negligence claims based on discretionary functions.[1]

A.   Course and Scope of Employment

Although the FTCA waives the United States' immunity for injury caused by the negligent or wrongful act of any employee, of the government, such waiver only applies to such acts within the scope of the employment. 28 U.S.C. § 2674 and § 1346(b)(1). In this case, the determination is made in accordance with Oregon law. See 28 U.S.C. § 1346(b)(1)(jurisdiction premised under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred).

In Oregon, the conduct of an employee such as Dora Abrahamson, is within the course and scope of her employment if:

---

[1]In addition, the government argues that to the extent plaintiff raises a Privacy Act claim, such claim is not cognizable. However, the violation of the Privacy Act is alleged merely as a specification of negligence under plaintiff's FTCA claim. Nonetheless, the claim asserting violation of the Privacy Act as a violation of the FTCA, is not viable as discussed below.

Page 3 - ORDER

> (1) the conduct ... occurred substantially within the time and space limits authorized by the employment; (2) the employee [was] motivated, at least partially, by a purpose to serve the employer; and (3) the act [was] of a kind that the employee was hired to perform.

Chesterman v. Barmon, 305 Or. 439, 442 (1988).

It is not reasonable to conclude that the alleged conduct of Abrahamson in utilizing the authority of the government to pursue a sexual relationship with a taxpayer she was auditing was motivated in any way to serve her employer or was the type of act she was hired to perform. However, the Chesterman court further noted that if conduct that is within the course and scope of employment resulted in the acts that caused the injury, liability may still attach to the employer. Id. at 443. Thus, if Abrahamson's duties as an auditor were a necessary precursor to the nonconsensual sexual relationship, then the United States may be liable.

However, such a theory is not available to plaintiff in this case because under Oregon law, such a theory of liability is only applicable to intentional torts. Minnis v. Oregon Mut. Ins. Co., 334 Or. 191, 204-06 (2002). Moreover, if "the situation does not involve a tortfeasor who is acting within the time and space limits authorized by employment, the court does not reach the question of whether the tortious conduct was the 'direct outgrowth of conduct that was within the scope of'the tortfeasor's employment." Id. at 206. In this case, plaintiff alleges negligence[2] and concedes that the "sex itself occurred after hours, off employment premises, and not in respect to the performance of official duties of the federal employee." Plaintiff's Memorandum in Opposition to Motion to Dismiss (#30) at p. 9. Accordingly, the claims against the United States for the specifications of

---

[2] Necessarily because the FTCA exempts intentional torts such as assault and battery under 28 U.S.C. § 2680(h).

Page 4 - ORDER

negligence committed by defendant Abrahamson are dismissed.[3]

The remaining specifications of negligence regarding the failure to train and supervise, and enforce rules will also be dismissed under the discretionary function exemption to the FTCA waiver.

B.  Discretionary Function Exception to FTCA Waiver

As noted above, defendant asserts the United States was negligent in: (1) failing to oversee defendant Abrahamson in the performance of her duties; (2) failing to adequately explain or enforce the rules and regulations with regard to plaintiff; (3) permitting or failing to prevent Abrahamson from meeting alone with plaintiff in his home; (4) failing to train Abrahamson on how to avoid situations which could lead to sexual conduct; and (5) failing to detect that Abrahamson was sexually harassing and abusing plaintiff.

The FTCA does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. 2680(a).

In order to determine whether the discretionary function exception applies, the court must engage in a two-step inquiry. First, the court must determine whether the challenged conduct

---

[3] Plaintiff's attempts to paint Abrahamson's conduct as motivated out of a purpose to serve her employer, but not assault or battery (Moule Declaration #31) should not be accepted by the court because they are counsel's recollection of statements Abrahamson made to him during a phone conversation. In addition, the statements do not demonstrate that the conduct was in the course and scope of employment or that the sexual harassment does not constitute assault and battery.

Page 5 - ORDER

involves an element of judgment or choice. See Berkovitz v. United States, 486 U.S. 531, 536 (1988). Second, if the conduct involves some element of choice, the court must determine whether the conduct implements social, economic or political policy considerations. See Gasho v. United States, 39 F.3d 1420, 1435 (9th Cir. 1994). To be protected from suit, the challenged decision "need not actually be grounded in policy considerations" so long as it is, "by its nature, susceptible to a policy analysis." Miller v. United States, 163 F.3d 591, 593 (9th Cir.1998). The determination of whether given conduct falls within the discretionary function exception must focus on the "nature of the conduct, rather than the status of the actor." United States v. Gaubert, 499 U.S. 315, 322 (1991).

Plaintiff concedes that his claims of negligent training and supervision are barred under 28 U.S.C. § 2680(a). See Nurse v. United States, 226 F.3d 996, 1001-02 (challenges to allegedly negligent and reckless employment supervision and training fall squarely within the discretionary function exception). However, without specifying which allegations should remain, plaintiff argues that the complaint alleges several other specifications of negligence and other wrongful conduct. As noted above, the United States should not be held liable with respect to the allegations of Abrahamson's direct conduct because such conduct was not in the course and scope of her employment.[4] The remaining allegations allege nothing more than failure to train and supervise with the possible exception of the "failure to ... enforce rules or regulations of the Internal Revenue Service and the Privacy Act." Complaint (#1) at ¶ 22(b). However, plaintiff utterly fails to identify any specific federal statute, regulation or policy that specifically prescribes a course of action. Even

---

[4]It is unclear what conduct on the part of Abrahamson violated the Privacy Act, but assuming such conduct survives as in the course and scope of employment, it should be dismissed for the reasons stated infra.

Page 6 - ORDER

though plaintiff identifies the Privacy Act, he fails to identify which provision of that statute was violated despite an opportunity to specify it in the complaint and in response to the motion to dismiss.

Accordingly, the allegations of liability not based on *respondeat superior* alleged in the complaint are dismissed under 28 U.S.C. § 2680(a). After making a determination based on whether defendant Abrahamson was acting in the course and scope of employment and whether the remaining specifications of negligence involve a discretionary function, plaintiff is, at best, left with a claim based on a violation of the Privacy Act, assuming he could identify which provision of that statute was violated and how.

C.   Privacy Act

Plaintiff does not allege a separate claim for violation of the Privacy Act, but alleges it is a specification of negligence. Plaintiff does not identify which provision of the Privacy Act was violated or how, but under the FTCA, such a claim is not cognizable. Although plaintiff purports that the IRS failed to enforce the Privacy Act, the complaint alleges that it was defendant Abrahamson who violated the Act by "improperly utilizing and disclosing privileged information about plaintiff." Complaint at ¶ 21(e). Plaintiff does not identify what information was improperly disclosed. Nonetheless, the waiver of immunity under the FTCA, as noted above, only applies to violations of Oregon law under 28 U.S.C. §§ 2674 and 1346(b)(1). Because plaintiff's Privacy Act claim is rooted in federal rather than state law, and because Oregon has no analogous law, plaintiff cannot allege a claim under the FTCA for negligent violation of the Privacy Act. See United Scottish Ins. Co. v. United States, 614 F.2d 188, 192 (9th Cir. 1979) (plaintiffs may not base their

Page 7 - ORDER

claims on alleged breaches of a duty arising solely out of federal law when there is no corresponding duty under state tort law). Accordingly, all claims are dismissed.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss (#16) is granted and this action is dismissed with prejudice.

DATED this 31 day of July 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 8 - ORDER